J-S16032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: W.L., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 280 EDA 2021 |

Appeal from the Order Entered January 5, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001068-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: J.P.Y.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: W.L., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 281 EDA 2021 |

Appeal from the Order Entered January 5, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000096-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:                **FILED June 21, 2021**

Appellant, W.L. ("Father"), files these consolidated appeals from the

decree entered January 5, 2021, in the Philadelphia County Court of Common

Pleas Juvenile Division, granting the petition of the Philadelphia Department

of Human Services ("DHS") to involuntarily terminate Father's parental rights

_____

[*] Former Justice specially assigned to the Superior Court.

to his minor, female child, J.W. a/k/a J.P.Y.W., born in June 2019 ("Child"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), and (b). Father further appeals from the order entered January 5, 2021 changing Child's permanent placement goal to adoption pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6351.[1]

Subsequent to an adjudication of dependency and disposition on July 9, 2019, DHS filed petitions for the involuntary termination of parental rights and for a goal change on February 7, 2020. The court conducted a combined termination/goal change hearing on January 5, 2021. This hearing was conducted virtually due to the COVID-19 pandemic. Father was present virtually and represented by counsel. Child was represented by a guardian *ad litem*, also referred to as a child advocate.[2] DHS presented the testimony of Akita Brumskill,[3] Community Umbrella Agency ("CUA"), Turning Points for Children, Case Manager; and Christine Cross, CUA, Turning Points for Children, Case Manager. Additionally, Father testified on his own behalf.

At the conclusion of the hearing, the court terminated Father's parental rights and changed Child's permanent placement goal to adoption. By

---

[1] Mother's parental rights were terminated by separate decree entered the same date. Mother did not appeal this decree or the goal change order.

[2] Subsequent to the determination of a conflict with the Defender Association of Philadelphia, Child Advocacy Unit, the court appointed a guardian *ad litem*/counsel for child pursuant to order entered June 26, 2019.

[3] The record is inconsistent as to the name and/or spelling of this CUA case manager; this inconsistency should be clarified on remand.

separate decree and order entered January 5, 2021, the court memorialized these findings. Thereafter, on January 31, 2021, Father, through appointed counsel, filed timely notices of appeal, along with concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). This Court consolidated Father's appeals *sua sponte* on March 5, 2021.

On March 2, 2021, the court filed a Notice of Compliance with Rule of Appellate Procedure 1925(a). **See** Trial Court's Notice of Compliance with Rule of Appellate Procedure 1925(a), 3/2/21. The court stated, in part, "The trial court's primary statements regarding the termination of parental rights appears after argument from counsel. . . ." **Id.** at 1 (unpaginated). The court continued, "Furthermore, this [c]ourt addressed the determination that it is in the best interest of the Child for a Goal Change to Adoption." **Id.** Following broad reference to the record, including witness testimony and exhibits presented, the court further stated, "To the extent that the Pennsylvania Superior Court believes that the trial court's statements on the record do not adequately address any issue on appeal, the trial court will submit a supplemental opinion upon remand." **Id.** at 1-2.

We remand the appeal to the trial court for it to file with this Court, within thirty days, a Pa.R.A.P. 1925(a) opinion providing the reasons for its decision to involuntary terminate Father's parental rights and change Child's permanent placement goal.

Appeals remanded for the trial court to file an opinion with this Court within thirty days.  Jurisdiction retained.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2021